**Willie B. JEFFERSON, Petitioner–Appellant**

v.

**Warden FOX, Respondent–Appellee.**

**No. 10–41244**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 31, 2011.

Willie B. Jefferson, Jr., Beaumont, TX, pro se.

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM: *

Willie B. Jefferson, federal prisoner # 61002–079, challenges the denial of his petition for habeas corpus relief under 28 U.S.C. § 2241 to correct an alleged sentencing error. Jefferson contends that his sentence is unconstitutional because his criminal history score was incorrectly calculated. He argues that § 2241 relief is appropriate because he obtained the dismissal of the charges in state court as to one of his convictions and that 28 U.S.C. § 2255 provides an inadequate remedy due to the requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA). He has twice been denied habeas relief under § 2255. Jefferson further asserts that the sentencing court erred by denying his motion for sentence correction nunc pro tunc and that his § 2241 motion was intended to correct that denial and obtain nunc pro tunc relief in a court that had jurisdiction to grant it.

Relief under § 2241 "is typically used to challenge the manner in which a sentence is executed." *Reyes–Requena v. United States,* 243 F.3d 893, 900 (5th Cir. 2001). Relief under § 2255, however, is the primary means for a federal prisoner to "collaterally attack the legality of his conviction or sentence." *Id.* at 901. Here, Jefferson attacks the legality of his sentence. He may only utilize § 2241 to challenge the legality of his sentence if he can satisfy § 2255's "savings clause." *Id.* The savings clause of § 2255(e) applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id.* at 904. Jefferson does not argue that he is actually innocent; rather, he challenges the calculation of his criminal history score, claiming in part that he is actually innocent of one of

---

the offenses used in that calculation. The § 2255(e) savings clause is inapplicable to Jefferson's § 2241 petition. *See Padilla v. United States,* 416 F.3d 424, 426–27 (5th Cir.2005).

To the extent Jefferson also challenges the denial of a motion for nunc pro tunc relief in another proceeding in another district court, the district court was without jurisdiction to directly review the decision of another district court. *See* 28 U.S.C. § 1291 (providing that courts of appeals have jurisdiction over appeals from district courts).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be